IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMILA COVINGTON,                )
                                 )
            Plaintiff,           )
                                 )
       v.                        )          1:12CV811
                                 )
ABSOLUTE COLLECTION SERVICE,     )
                                 )
            Defendant.           )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge sua sponte to address Plaintiff's failure to comply with court orders. For the reasons that follow, the Court should dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

BACKGROUND

This case began when Plaintiff (or someone using Plaintiff's name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," which describes the case as "an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.;* and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*[.]"  (Docket Entry 2 at 1.)  It further

identifies Defendant as "a North Carolina Corporation, authorized to do business in North Carolina." (Id. (emphasis added).)

After Plaintiff amended her IFP Application (Docket Entry 4), the Court (per the undersigned Magistrate Judge) granted her pauper status and ordered that she had to "prepar[e] and deliver[] to the Clerk[] the correct summons for service on each defendant, including the correct address and the name and title of the individual to be served on behalf of a corporation . . . ." (Docket Entry 5 at 1 (emphasis added).) That Order (which the Court promptly mailed to Plaintiff) further warned that a "[f]ailure to prepare and deliver said summons within 15 days . . . shall result in this case being dismissed without further notice." (Id.; see also Docket Entry dated Aug. 16, 2012.) The summons form provided by (or by someone on behalf of) Plaintiff (apparently, given the date of its docketing, prior to her receipt of the foregoing Order)[1] lacked the name and title of an individual to receive service on behalf of Defendant. (See Docket Entry 6 at 1.) The United States Marshals Service mailed that summons as completed. (See Docket Entry 8.)

Despite the fact that, by then, Plaintiff would have received the Court's Order informing her of her obligation to provide a summons form with a name and title of an individual to receive

---

[1] The Court often receives completed summons forms along with the initial case-opening documents, such as complaints and pauper applications.

service of process for Defendant, Plaintiff (or someone acting in her name) then filed a Request for Clerks [sic] Entry of Default based on the insufficient service of the defective summons she had provided. (Docket Entry 9.) The Clerk denied that request on the ground that, "[a]lthough Plaintiff's Complaint (Doc. #2) states that Defendant is a North Carolina Corporation, neither the [documentation regarding service of the summons submitted by Plaintiff] nor the Request for Clerk's Entry of Default show that service was made upon an officer, director or agent of the Defendant." (Docket Entry 10 at 1.) The Court promptly mailed that Denial to Plaintiff. (See Docket Entry dated Oct. 10, 2012.)

The undersigned Magistrate Judge took note of the insufficient summons submitted by (or on behalf of) Plaintiff, as well as the fact that her Complaint shared a number of unusual similarities of form and substance with other complaints filed in this Court, including: 1) stating, under the heading "JURISDICTION AND VENUE," that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; 2) setting forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "COUNT I," "COUNT II," "15 U.S.C 1681b," and "COUNT III"; and 3) listing on the signature page an e-mail address consisting of the respective plaintiff's first and last name (strung together as one term) appended to "_law@hotmail.com" (or,

in one case, "_law@live.com").  (Compare Docket Entry 2, with Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 2; Wiggins v. Firstpoint Collections Res., No. 1:12CV451, Docket Entry 2; Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 2; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 2; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 2; Golden v. Absolute Collection Servs., No. 1:12CV956, Docket Entry 2; Durham v. Absolute Collection Servs., No. 1:12CV957, Docket Entry 2; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 2; Ferguson v. Absolute Collection Serv., No. 1:12CV1023, Docket Entry 2; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 2; James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 2; and Durham v. National Credit Sys., No. 1:12CV1099, Docket Entry 2.)

Given the foregoing circumstances, the undersigned Magistrate Judge set this case for a status conference and placed 13 other similar cases on for hearings/status conferences on the same calendar.  (See Docket Entry 11.)  Plaintiff did not appear as directed.  (See Docket Entry dated Nov. 26, 2012.)  Indeed, only one of the plaintiffs from the other similar cases noticed for proceedings on that date appeared and he denied preparing, signing, or filing any documents in his case (or authorizing anyone else to take such action), but did acknowledge that he had talked to someone he knew only as "Mussa" about improving his credit record.

-4-

(See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[2] Shortly after failing to appear at the status conference, Plaintiff (or someone acting on her behalf) submitted an Amended Complaint (Docket Entry 12), along with a second summons form with the additional line "ATTN: CHIEF LEGAL OFFICER," but again without a name of an individual to receive service on behalf of Defendant (Docket Entry 12-1 at 1), despite the fact that Plaintiff long since would have received a clear directive from the Court of that requirement and the consequences of failing to comply.

DISCUSSION

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Plaintiff disobeyed the Court's Orders to submit a properly-completed summons form and to appear at a status conference. These circumstances warrant dismissal under Federal Rule of Civil Procedure 41(b).

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider:

---

[2] The Clerk maintains an audio-recording of all the proceedings from that calendar.

"(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal." Id.  In this case, Plaintiff (or whoever improperly filed this case in her name) bears sole responsibility for the instant non-compliance, the conduct (and inaction) at issue prejudiced Defendant by delaying the litigation unduly (and thus depriving Defendant of the opportunity to defend against this apparent sham lawsuit while memories remained freshest and before the possible loss of key documents), the record reflects a pattern of dilatory conduct by Plaintiff (or whoever filed this case in her name), and no other sanction appears feasible or sufficient.

As to that last point, the Court (per the undersigned Magistrate Judge) specifically warned Plaintiff that her failure to submit a timely, properly-completed summons form could result in dismissal of this case.  "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal.  Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed under Federal Rule of Civil Procedure 41(b).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 4, 2013